UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| POONAM GROVER et al., | Civil Action No. 19-18258 (JMV) |
| Plaintiffs, | |
| v. | REPORT & RECOMMENDATION |
| REYNOLDS AMERICAN, INC., et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on the failure of Plaintiffs Poonam Grover, GW Cash & Carry, Vince Grover, Sachin International, and Atin Grover (collectively "Plaintiffs") to comply with Court orders and prosecute their case. For the reasons that follow, it is respectfully recommended that this action be dismissed.

**BACKGROUND**

On or about August 15, 2019, Plaintiffs initiated this action by filing a Complaint in the Superior Court of New Jersey, Civil Division, Essex County. *See* ECF No. 1-2 ("Compl."). On September 23, 2019, Defendants Reynolds American, Inc., RAI Trade Marketing Services Company, R.J. Reynolds Tobacco Company, Chaffraix Lelong, and Douglas Hynek (collectively "Defendants") filed a notice of removal of this action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey pursuant to 28 U.S.C §§ 1332, 1441 and 1446. *See* ECF No. 1.

On October 14, 2019, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. Plaintiffs did not file an opposition to Defendants' motion. On August 12, 2020, the Court ordered Plaintiffs to report to the Court within

1

seven (7) days whether Plaintiffs intended to pursue this matter in light of their failure to file a response to Defendants' motion to dismiss. ECF No. 8.

On August 21, 2020, the Court issued an Order to Show Cause ("OTSC") after Plaintiffs failed to report to the Court pursuant to the Court's August 12, 2020 order. *See* ECF No. 9. The OTSC mandated that Plaintiffs submit a position paper no later than September 4, 2020 outlining why this case should not be dismissed. *Id.* The OTSC also required Defendants serve a copy of the OTSC on Plaintiffs by certified mail, return receipt requested. *Id.*

On September 11, 2020, Defendants filed a certification advising the Court that it served Plaintiffs with a copy of the OTSC by certified mail, return receipt requested at the last known address of Plaintiffs' counsel. ECF No. 11. Defendants also filed a letter on October 9, 2020 advising that that Plaintiffs' counsel reportedly signed for delivery of the OTSC. *See* ECF No. 12.

Plaintiffs did not make any submissions by September 4, 2020 as required by the OTSC and the Court to date has not received any submissions, or any other communications, from Plaintiffs.

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.* This Court recognizes the strong policy favoring decisions on the merits barring substantial circumstances in support of dismissal as a penalty. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiffs' Personal Responsibility.** There is no suggestion that Plaintiffs themselves are personally responsible for their failure to communicate with the Court; however, the failure of Plaintiffs' counsel to respond to Court orders seems to indicate a disregard by their counsel of his responsibilities. Moreover, Defendants mailed the OTSC to the last known address of Plaintiffs' counsel, for which Plaintiffs' counsel reportedly signed, and yet Plaintiffs' counsel still failed to submit a position paper or otherwise communicate with this Court. Although a client's lack of responsibility for their counsel's dilatory conduct is not dispositive of whether dismissal is an appropriate sanction, as noted in *Poulis*, "a client cannot always avoid the consequences of the acts or omissions of its counsel." 747 F.2d at 868 (citing *Link*, 370 U.S. at 633).

**2. Prejudice to Defendants.** Permitting Plaintiffs' case to go forward when Plaintiffs and/or Plaintiffs' counsel have demonstrated an apparent refusal to participate in advancing this case or comply with Court orders would cause manifest injustice to Defendants. Plaintiffs initiated this action and have since failed to respond to any Court orders. Plaintiffs' actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

**3. History of Dilatoriness.** As noted above, Plaintiffs' counsel has a history of dilatoriness. Plaintiffs' counsel failed to report to the Court pursuant to the August 12, 2020 order [ECF No. 8] and failed to respond to the OTSC [ECF No. 9]. A history by counsel of ignoring Court orders and deadlines is intolerable. *See Poulis*, 747 F.2d at 868. Accordingly, Plaintiffs' counsel's inaction in this matter supports dismissal.

**4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiffs have proceeded in bad faith. However, the conduct of Plaintiffs' counsel has been willful. Plaintiffs' counsel has been willfully unresponsive to Court orders. These circumstances, when taken as a whole, support dismissal as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness established by Plaintiffs' counsel suggests that alternative sanctions would be futile. Despite delaying this case for months and ordering Plaintiffs to respond, Plaintiffs and Plaintiffs' counsel have not participated in prosecuting this case. No other sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiffs' claims at this juncture.

In sum, Plaintiffs did not respond to the Court's Order to submit a position paper to show cause why this case should not be dismissed. Plaintiffs have also failed to report to the Court pursuant to the Court's August 12, 2020 order after failing to file an opposition to Defendants' motion to dismiss. As such, Plaintiffs' repeated failures to participate in this litigation and willful abandonment establish their inability to adequately prosecute this matter.

## CONCLUSION

The Court having considered this matter pursuant to Fed. R. Civ. P. 78 and having considered the *Poulis* factors;

**IT IS** on this **23rd** day of **November, 2020**,

**RECOMMENDED** that Plaintiffs' Complaint be DISMISSED pursuant to Fed.R.Civ.P. 41(b); and it is

**ORDERED** that the Clerk of the Court shall serve a copy of this Order by regular mail to Plaintiffs; and it is

**ORDERED** that Defendants' counsel shall serve a copy of this Order by certified mail, return receipt requested to Plaintiffs.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed.R.Civ.P. 72(b)(2).

                    s/James B. Clark, III
                    **HONORABLE JAMES B. CLARK, III**
                    **UNITED STATES MAGISTRATE JUDGE**